IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHERINE RUMPH, | § | |
|        Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:15-CV-904-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
|        Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Katherine Rumph, a federal prisoner confined in the Federal Medical Center in Fort Worth (FMC-Carswell), against Jody R. Upton, Warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

**I. BACKGROUND**

Petitioner is serving two concurrent 48-month terms of imprisonment for her 2014 convictions for student financial aid fraud and filing a false claim in the Tampa Division of the United States District Court for the Middle District of Florida. Pet. 3, ECF No. 1; J., U.S. v. Rumph, Criminal Action No. 8:13-cr-441-VMC-TBM, ECF No. 17. In this § 2241 petition, Petitioner claims she suffers from debilitating injuries and medical condition(s) and is limited to a wheelchair. She raises ten grounds for habeas relief alleging–

    (1)    Denial of adequate medical care;
    (2)    Denial of proper standard of care for hip dislocation(s) of hip replacements;
    (3)    Denial of medical care in a timely manner;
    (4)    Deliberate indifference and "intentional, willful, malicious and reckless" conduct;
    (5)    "Full faith and credit clause";

    (6)    Failure to train, supervise and provide quality medical care;
    (7)    "Color of state law";
    (8)    Denial of her medical records;
    (9)    Denial of a referral and/or transfer to a community corrections center (CCC);
    (10)    Denial of changes in her inmate security designation and custody classification.

Pet. 5-6, ECF No. 1. Petitioner requests the following relief:

> Order emergency hearing; order for preliminary injunction hearing; order staying a sentence or disability (e.g. order of probation, time served, writ (hospitalization and treatment, bail (secured bond); supercedes bond, etc.; appointment of counsel.

*Id.* at 7. Petitioner also requests monetary damages. *Id.* Ex. A.

## II. DISCUSSION

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[1] Therefore, no service has issued upon Respondent.

Taken at face value, the petition relating to the conditions of Petitioner's confinement, including the prison's medical care and procedures, monetary damages, and injunctive relief is not cognizable on habeas review. If Petitioner seeks money damages or injunctive relief for perceived violations of her constitutional rights, she must file a separate action, on the appropriate civil complaint form, against the responsible officials under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). Habeas relief is not available to review questions unrelated to the fact or duration

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

of one's incarceration that would result in an earlier release. *Preiser v. Rodruguez*, 411 U.S. 475, 484 (1973).

Further, a § 2241 petition may be granted only if the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Prisoners have no constitutional right to early release, to placement in any particular pre-release program, to serve their sentence in a particular facility, or to any particular security or custody classification. *Olim v. Wakinekona,* 461 U.S. 238, 245 (1983); *Wilkerson v. Stalder,* 329 F.3d 431, 435-36 (5th Cir. 2003), *cert. denied by Cain v. Wilkerson,* 540 U.S. 966 (2003); *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999); *McCord v. Maggio,* 910 F.2d 1248, 1250 (5th Cir. 1990); *Prows v. Fed. Bur. of Prisons,* 981 F.2d 466, 469 (10th Cir. 1992), *cert. denied,* 510 U.S. 830 (1993). Petitioner has not shown that a constitutional violation is present. Thus, she does not raise a legal basis for habeas relief.

## IV.  CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** as to grounds (1) through (8) for lack of jurisdiction and **DENIED** as to grounds (9) and (10). A certificate of appealability is **DENIED**.

**SO ORDERED** on this 23rd day of December, 2015.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**